# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JEFFREY JAY HENRIKSON,

      Plaintiff,

v.     **ORDER**
        Civil File No. 16-1317 (MJD/LIB)

CHOICE PRODUCTS USA, LLC, and
CHOICE PRODUCTS USA, LLC
EMPLOYEE BENEFIT PLAN,

      Defendants.

Daniel J. Bellig and Joseph A. Gangi, Farrish Johnson Law Office, Chtd., Counsel for Plaintiff.

Noah G. Lipschultz, Littler Mendelson, PC, and Ryan L. Woody and Stephen A. Smith, Matthiesen, Wickert & Lehrer, S.C., Counsel for Defendants.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated October 20, 2016.  Plaintiff and Defendants filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the

Court adopts the Report and Recommendation of United States Magistrate Judge Brisbois dated October 20, 2016.

With regard to Defendants' objection that the Report and Recommendation should have applied the last-antecedent rule to its interpretation of 42 U.S.C. § 300gg-19a(b)(1)(D), the Court concludes that the plain language of this provision is unambiguous.  The provision at issue provides:

> If a group health plan . . . provides or covers any benefits with respect to services in an emergency department of a hospital, the plan or issuer shall cover emergency services (as defined in paragraph (2)(B))—
>
> * * *
>
> (D) without regard to any other term or condition of such coverage (other than exclusion or coordination of benefits, or an affiliation or waiting period, permitted under section 2701 of this Act, section 1181 of Title 29, or section 9801 of Title 26, and other than applicable cost-sharing).

The phrase "or an affiliation or waiting period" is set off by two commas. "Under normal rules of grammar (which we assume Congress followed), a phrase that is set off by commas can be excised from a sentence."  Chao v. Cmty. Trust Co., 474 F.3d 75, 81 (3d Cir. 2007).  Therefore, the phrase "permitted under section 2701 of this Act, section 1181 of Title 29, or section 9801 of Title 26"

applies to "exclusion or coordination of benefits." The exclusions of coverage for emergency services are thus limited to certain pre-existing condition provisions.

The Court also makes the following minor modifications to the Report and Recommendation: 1) in footnote 3, on page 3, in the second sentence, the Court deletes the phrase "removed language asking 'to clarify his rights to future benefits under the Plan' and;" and 2) on line 3 of the third paragraph on page 19, the Court replaces the phrase "ERISA-governed life insurance policy" with the phrase "ERISA-governed health insurance policy."

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated October 20, 2016 [Docket No. 36].

2. Defendants' Motion to Dismiss [Docket No. 8] is **DENIED AS MOOT**.

3. Defendant's Motion to Dismiss [Docket No. 21] is **GRANTED IN PART** and **DENIED IN PART** as set forth in the October 20, 2016 Report and Recommendation.

Dated:  February 2, 2017              s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court